UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MEALPAL, INC.,                              :
                                            :
                            Plaintiff,      :
                                            :   Civil Action No.:
                                            :
            v.                              :
                                            :   **PLAINTIFF MEALPAL, INC.'S**
MEALFIX, INC.,                              :   **REVISED FIRST SET OF**
                                            :   **DOCUMENT REQUESTS TO**
                            Defendant.      :   **DEFENDANT MEALFIX, INC.**
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff MealPal, Inc. ("MealPal"), by its undersigned counsel, requests, pursuant to

Federal Rules of Civil Procedure 26 and 34, that Defendant MealFix, Inc. ("MealFix") produce

the following documents at the offices of MealPal's counsel, Blank Rome LLP, The Chrysler

Building, 405 Lexington Avenue, New York, NY 10174, by March 8, 2017 at 2:00 pm.

## DOCUMENTS TO BE PRODUCED

Subject to the definitions and instructions *infra*, MealPal requests the following documents:

1.      All Documents concerning the selection, adoption, first use, acquisition, and

ownership by MealFix of the MEALFIX mark, including without limitation any trademark

clearance searches performed by MealFix.

2.      All Documents concerning any application to register the MEALFIX trademark

with any governmental agency.

3.      All Documents concerning MealFix's alleged dates of first use of the MEALFIX

mark in the U.S., and in U.S. interstate commerce, including documents that support or detract

from your alleged first use of the MEALFIX mark.

4.      All Documents evidencing the date MealFix fist offered its service, including the identity of the restaurants from which consumers could chose to order a meal.

5.      All Documents evidencing the earliest date a consumer transacted business with MealFix and the nature of such transaction.

6.      All Documents concerning instances of actual confusion between the MEALPAL and MEALFIX marks.

7.      All Documents concerning complaints received by MealFix, including without limitation complaints from customers, subscribers, or participating restaurants and vendors.

8.      All Documents concerning MealFix's awareness or knowledge of MealPal's selection and adoption of the MEALPAL mark.

9.      All Documents concerning communications between Jason Finger, Andrew Moss, and or Seth Rosen, and any person affiliated with MealPal or MealPass.

10.     All Documents concerning communications between Jason Finger, Andrew Moss, Seth Rosen, and or any other person having any connection with MealFix, and any person having any connection with ClassPass, which communication concerned MealPass or MealPal, or the creation of MealFix.

11.     All Documents, other than those previously identified in response to the foregoing requests, upon which MealFix may rely in support of MealFix's claims or defenses in connection with the instant proceeding, including all Documents MealFix may use at the Preliminary Injunction hearing.

2

## **DEFINITIONS**

The Uniform Definitions in Discovery Requests of Local Civil Rule 26.3 of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference.

1.    "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2.    "MEALFIX" refers to the trademark MEALFIX that MealFix, Inc. alleges to own and which MealFix, Inc. has applied to register with the U.S. Patent & Trademark Office under Application Serial No. 87/192,539.

3.    "MealFix," "You," and "Your" refers to Defendant MealFix, Inc., including its officers, directors, employees, agents, representatives, corporate parent(s), predecessors, subsidiaries, acquired entities, affiliates, and all other individuals or entities acting on its behalf.

4.    "MealPal" refers to Plaintiff MealPal, Inc., including its officers, directors, employees, agents, representatives, corporate parent(s), predecessors, subsidiaries, acquired entities, affiliates, and all other individuals or entities acting on its behalf.

5.    The term "Action" refers to the above-captioned action.

6.    "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

7.    "Concerning" or "concerns" means relating to, referring to, describing, evidencing, or constituting.

8.    "Document" or "Documents" means anything written, recorded or memorialized in any way, including, but not limited to, Electronically Stored Information ("ESI", as defined

3

below); all drafts; communications; correspondence; memoranda; records; reports; books; reports and/or summaries of personal conversations or interviews; diaries; calendars; telephone logs; graphs; charts; diagrams; tables; photographs; recordings; tapes, microfilms; minutes, records, reports and/or summaries of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten or any other notes; work papers; checks, front and back; check vouchers, check stubs or receipts; tape data sheets or data processing cards or discs or any other written, recorded, transcribed, punched, taped filmed or graphic matter, however produced or reproduced; and any paper or writing. A draft or non-identical copy of any document, whether due to the addition of marginalia or other change, is a separate document within the meaning of this term. Where the electronic and hard copy versions of any document are separate documents per this definition, both the electronic and hard copy versions should be produced.

9.      "ESI" means electronically stored information including, without limitation, the following:

a.      information that is generated, received, processed, and recorded by computers and other electronic devices including, without limitation, voicemail;

b.      internal or external web sites;

c.      output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; and

d.      activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, e.g., iPhone, Android device, tablet, or similar device, and file folder tabs, or containers and labels appended to,

4

or relating to, any physical storage device associated with each original or copy of all documents requested herein.

10. "Include" or "including" denotes a portion of a larger whole and is used without limitation.

11. "Record" means any document intended to record an event, transaction, or communication, including, without limitation, journals, books of account, vouchers, expense account reports, receipts, time sheets, transaction files, phone logs, monthly or yearly statements, invoices, sales slips, sales orders, confirmation of purchases or sales orders, purchase orders, canceled checks, ledger entries, deposit slips, savings books, certificates of deposits, computer records or printouts, minute books, minutes of meetings of the board of directors or shareholders, resolutions, stock certificates and the like.

12. "Relating to" means in whole or in part, constituting, containing, referring to, discussing, dealing with, describing, reflecting or pertaining to in any way whatsoever.

13. "Tangible thing" means any object, property, or thing of a physical or tangible nature and shall include, but not be limited to, photographs, drawings, other renderings, computer simulations, videotapes, and tangible or real evidence or exhibits.

## INSTRUCTIONS

1. No request shall be construed to create a limitation upon any other request.

2. Unless the context of a particular request indicates otherwise, the relevant time period to which each request refers is January 1, 2016 to the present.

3. The use of the singular form of any word includes the plural and vice versa.

5

4.      The past tense form shall be construed to include the present tense, and vice versa, whenever such a dual construction will serve to bring within the scope of a request any response that would otherwise not be within its scope.

5.      Each category of documents in these requests extends to any and all documents in your possession, custody, or control. A document shall be deemed to be in your possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other person and you (a) own such document in whole or in part; or (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such document; or (c) have an understanding, express or implied, that you may use, inspect, examine, or copy such document; or (d) as a practical matter, have been able to use, inspect, examine, or copy such document. Such documents shall include, but are not limited to, documents that are in the custody of any of your attorneys, representatives, or other agents.

6.      All requests for the production of documents shall be construed to include any additional documents responsive to these requests that are discovered or produced after the date of production.

7.      All documents should be produced in the order in which they appear in the files of the producing party, organized by source, and should contain a clear indication of where each document ends and the next begins. Documents maintained in a file folder or binder should be preceded by the file folder or binder label, if one exists, and should contain a clear indication of where the file folder or binder begins and ends. All attachments to a document should be produced with the document. A unique control number should be affixed to each page. Computer files (including backup files), electronic mail messages, and other documents maintained in electronic form should be produced in machine-readable electronic form.

6

8. If you object to the production of any document or tangible thing within the scope of the requests, you must fully set forth your objections in writing, provide a list of all such documents and tangible things being withheld, and state the following for each such document or tangible thing: (i) the designated document number, if any; (ii) the type of document, e.g. letter or memorandum; (iii) the general subject matter of the document; (iv) the date of the document; (v) the location and custodian of the document; and (vi) the author of the document, the addressee of the document, any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

9. If any document that you are requested to produce or identify herein was at one time in existence, but has been lost, discarded, or destroyed, identify in writing each document and provide the following information: (a) the date or approximate date it was lost, discarded, or destroyed; (b) the circumstances and manner in which it was lost, discarded, or destroyed; (c) the reason or reasons for disposing of the document (if discarded or destroyed); (d) the identity of all persons authorizing the document and/or having knowledge of the document; (e) the identity of the persons who lost, discarded, or destroyed the document; (f) the identity of any persons having knowledge of the contents thereof; and (g) a detailed summary of the nature and contents of the document, including the author(s) of the document(s), the name of the person(s) to whom the document(s) was (were) delivered or addressed, including indicated or blind copy recipients, the date of the document(s), and a description of the subject matter thereof, including any attachment or appendices, and the number of pages.

10. If you object in whole or in part to any request based on a claim of privilege, provide a list of the documents being withheld and for each such document: (a) state the nature of the privilege which is being claimed and, if the privilege is governed by state law,

7

which state's privilege rule is being invoked and (b) provide a description of the document, including (i) the designated document number, if any; (ii) the type of document, e.g. letter or memorandum; (iii) the general subject matter of the document; (iv) the date of the document; (v) the location and custodian of the document; and (vi) the author of the document, the addressee of the document, any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other. With respect to each document withheld on a claim of privilege, provide a statement setting forth the information required by Local Civil Rule 26.2.

11.     If any of these documents cannot be produced in full, you are requested to produce them to the fullest extent possible, specifying clearly the reasons for your inability to produce the remainder and stating any information, knowledge, or belief you have concerning the unproduced portion.

12.     The specificity of any request herein shall not be construed to limit the generality or reach of any other request herein.

13.     Audio and video files shall be produced on compact disk or digital video disk. Such disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

14.     The term "any" shall be construed as necessary to bring within the scope of these requests all documents, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

15.     In producing the documents requested herein, indicate the specific request(s) in response to which each document or group of documents is being produced.

8

16.     This document request shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

17.     Each request shall be construed as required under Local Civil Rule 26.7.

Dated: March 3, 2017

BLANK ROME LLP

_____

Kenneth L. Bressler
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

David M. Perry (*Of Counsel*)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, Pennsylvania 19103
(215) 569-5500

Attorneys for Plaintiff, MealPal, Inc.

10

Dated: March 3, 2017

BLANK ROME LLP

Kenneth L. Bressler
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000

David M. Perry (*Of Counsel*)
BLANK ROME LLP
One Logan Square
130 N. 18th Street
Philadelphia, Pennsylvania 19103
(215) 569-5500

Attorneys for Plaintiff, MealPal, Inc.

9